IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAFAEL J. PETITPHAIT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV45 |
| | ) | |
| v. | ) | |
| | ) | |
| JEREMY CHRISTENSEN # 1632, | ) | MEMORANDUM AND ORDER |
| KEITH WILLIAMSON # 1635, | ) | |
| OMAHA POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff filed his complaint in this matter on February 3, 2012 (Filing No. 1).  Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 5).  The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his complaint against the Omaha Police Department and Omaha Police Officers Jeremy Christensen ("Christensen") and Keith Williamson ("Williamson") (Filing No. 1 at CM/ECF p. 1).  Plaintiff does not specify the capacity in which he sues Christensen and Williamson.  (*Id*.)  Plaintiff currently resides in Omaha, Nebraska.  (*Id*.; *see also* Docket Sheet.)

Plaintiff alleges that on June 13, 2006, Dean Cameron ("Cameron") assaulted him and then called the police (Filing No.

1 at CM/ECF p. 2).  When the police arrived, they handcuffed plaintiff and went to talk to Cameron, who "lied" and told the police that plaintiff was making terroristic threats.  (*Id*.) Subsequently, the police arrested plaintiff for making terroristic threats and issued him a ticket for assault.  (*Id*. at CM/ECF pp. 2-4.)  Plaintiff states that he did not make any terroristic threats and he feels that the police discriminated against him.  (*Id*.)  Plaintiff wants the Court to determine whether defendants violated his rights.  (*Id*. at CM/ECF p. 5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content

-2-

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in a habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87; *see also Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) (applying

*Heck* to a claim that would implicate the validity of a future conviction on a pending criminal charge).

It is unclear from plaintiff's complaint whether he seeks to challenge the validity of a future or pending criminal charge. As set forth above, the Court cannot address such a claim in an action brought pursuant to 42 U.S.C. § 1983. Thus, to the extent that plaintiff is seeking to challenge a future or pending criminal charge, the Court will dismiss his claim without prejudice to reassertion in a habeas corpus or similar proceeding.

Liberally construed, plaintiff may also be asserting a equal protection claim against defendants. Generally, the Equal Protection Clause "requires the government to treat similarly situated people alike." *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994). To state an equal protection claim, a plaintiff must establish that he was treated differently from others similarly situated. *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998); *see also* *Mathers v. Wright*, 636 F.3d 396, 399 (8th Cir. 2011) (concluding that to state a class-of-one equal protection claim, a plaintiff must allege that a defendant intentionally treated him differently from others who are similarly situated and that no rational basis existed for the difference in treatment). Different treatment of dissimilarly situated persons does not violate the equal protection clause.

-4-

*Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 21 F.3d 237, 242 (8th Cir. 1994). Even when liberally construed, plaintiff does not allege facts to suggest that he was treated differently than any similarly situated individual.

However, on its own motion, the Court will provide plaintiff with the opportunity to amend his complaint to sufficiently allege a claim against defendants. Any amended complaint shall restate the allegations of plaintiff's current complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, plaintiff's claims against defendants will be dismissed without prejudice without further notice. Accordingly,

IT IS ORDERED:

1. Plaintiff shall have until **April 20, 2012,** to amend his complaint and clearly state a claim upon which relief may be granted against defendants in accordance with this Memorandum and Order. If plaintiff fails to file an amended complaint, plaintiff's claims against defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current

-5-

complaint (Filing No. 1) and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

3.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **April 20, 2012.**

4.    Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

DATED this 26th day of March, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

_____
* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

-6-