IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAFAEL J. PETITPHAIT, ) | |
| ) | |
| Plaintiff, ) | 8:12CV45 |
| ) | |
| v. ) | |
| ) | |
| JEREMY CHRISTENSEN # 1632, ) | MEMORANDUM OPINION |
| KEITH WILLIAMSON # 1635, ) | |
| OMAHA POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on its own motion. On March 26, 2012, the Court conducted an initial review of plaintiff's Complaint and found that plaintiff failed to state a claim upon which relief may be granted (Filing No. 6). However, the Court gave plaintiff the opportunity to amend. (*Id*. at CM/ECF p. 5.) On March 29, 2012, plaintiff filed an Amended Complaint (Filing No. 7).

In his Amended Complaint, plaintiff raises an equal protection claim. (*Id*.) For the reasons discussed below, plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

I. **APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

As the Court previously informed plaintiff, the Equal Protection Clause "requires the government to treat similarly situated people alike." *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994). To state an equal protection

claim, a plaintiff must establish that he was treated differently from others similarly situated. *Johnson v. City of Minneapolis, 152 F.3d 859, 862 (8th Cir. 1998)*; *see also Mathers v. Wright, 636 F.3d 396, 399 (8th Cir. 2011)* (concluding that to state a class-of-one equal protection claim, a plaintiff must allege that a defendant intentionally treated her differently from others who are similarly situated and that no rational basis existed for the difference in treatment); *Flowers v. City of Minneapolis*, 558 F.3d 794, 799-800 (8th Cir. 2009) (holding that while a police officer's investigative decisions remain subject to traditional class-based equal protection analysis, they may not be attacked in a class-of-one equal protection claim). Different treatment of dissimilarly situated persons does not violate the equal protection clause. *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 21 F.3d 237, 242 (8th Cir. 1994).

      Here, plaintiff alleges that Dean Cameron ("Cameron") assaulted him and then called the police (Filing No. 7; *see also* Filing No. 1). Plaintiff asserts that Cameron is Caucasian, but does not describe his own race or skin color (Filing No. 7). When Omaha Police Officers Jeremy Christensen ("Christensen") and Keith Williamson ("Williamson") arrived, they handcuffed plaintiff and went to talk to Cameron, who "lied" and told them that plaintiff was making terroristc threats. (*Id*.) Subsequently, Christensen and Williamson arrested plaintiff for

-3-

making terroristic threats and issued him a ticket for assault. (*Id*.) Plaintiff states that he did not make any terroristic threats and he feels that Christensen and Williamson discriminated against him. (*Id*.)

Even when liberally construed, plaintiff's Amended Complaint does not allege facts sufficient to nudge his equal protection claim across the line from conceivable to plausible. Indeed, plaintiff does not describe his race or his skin color, nor does he explain how he is similarly situated to Cameron. Moreover, plaintiff does not specify the capacity in which he sues Christensen and Williamson. Because plaintiff does not specify the capacity in which he sues Christensen and Williamson, the Court assumes that plaintiff sues Christensen and Williamson in their official capacities only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). Claims against Christensen and Williamson in their official capacities only are actually claims against their employer, the City of Omaha, Nebraska. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit

-4-

against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

As a municipality, the City of Omaha may be liable under Section 1983 if its "policy" or "custom" caused a violation of plaintiff's constitutional rights. *Doe By & Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

    1)    The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

  2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

  3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

  Here, plaintiff does not allege that the City of Omaha practices any unconstitutional misconduct, that the City of Omaha's policymaking officials authorized any unconstitutional misconduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against the City of Omaha. In light of this, plaintiff's Amended Complaint will be dismissed without prejudice. A separate order will be entered in accordance with this memorandum opinion.

  DATED this 6th day of April, 2012.

        BY THE COURT:

        /s/ Lyle E. Strom
        _____
        LYLE E. STROM, Senior Judge
        United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.